IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROSS WILLIAMS,** | ] |
| Plaintiff, | ] |
| v. | ] 2:11-CV-3629-KOB |
| **DAIICHI SANKYO, INC.,** | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This matter comes before the court on Defendant Daiichi Sankyo's Motion to Dismiss Count III of the Plaintiff's Second Amended Complaint (doc. 27). Defendant Daiichi Sankyo ("DSI") moves to dismiss Count III of the Plaintiff's Second Amended Complaint under Rule 12(b)(6), arguing that Mr. Williams failed to state a claim on which relief can be granted. Count III of Mr. William's Second Amended Complaint claims the Defendant wantonly trained, supervised, and retained employees that discriminated and retaliated against the Plaintiff in violation of the law. DSI argues that because Mr. Williams did not plead an underlying common law tort claim to support Count III, his claim for wanton supervision, training, and/or retention fails as a matter of law. Mr. Williams filed a Motion for Leave to File Response Out of Time on July 31, 2012, with his Response to the Motion to Dismiss attached as Exhibit 1 (doc. 31-1). This court deems the Response filed as of that date. In his Response, Mr. Williams asserts that the underlying tort of fraudulent suppression supports Count III and should preclude the court from dismissing Count III of the Second Amended Complaint. The court agrees with DSI, and for the

1

reasons stated below finds that DSI's motion to dismiss Count III is due to be GRANTED.

**I.     FACTS NOT TO BE CONSIDERED**

Mr. Williams' Response (doc. 31-1) contains allegations of fact not pled in the Second Amended Complaint. In considering a motion to dismiss, the court should take into account only allegations of fact contained in the Complaint. Therefore, the court will only consider allegations of fact made in the Second Amended Complaint in this opinion.

**II.    STATEMENT OF FACTS AND PLAINTIFF'S ALLEGATIONS**

At the motion to dismiss stage, the court must take the allegations contained in the complaint as true. *Lotierno v. Woman's World Medical Center, Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). The court accepts as true the following facts from the Second Amended Complaint (doc. 26) and the EEOC charge attached to the complaint, although they may not be the facts proven at trial.

In November, 2007, DSI interviewed Mr. Williams for a position as a sales representative in Birmingham, Alabama, and in December, 2007, hired him for that position. Mr. Williams underwent sales representative training in January, 2008, and started working as a sales representative in March, 2008. In May, 2008, Mr. Williams was involved as a witness in a dispute over allegedly discriminatory practices by a co-worker. Although the complaint does not specifically identify the co-worker, the EEOC charge attached to the amended complaint suggests that Mr. Williams was referring to Phillip Lamb, a male co-worker. Mr. Williams alleges that DSI precluded him from giving testimony in DSI's internal investigation of the alleged discrimination, notwithstanding Mr. Williams's knowledge that no discrimination had occurred. The unidentified co-worker in the amended complaint, again presumed to be Mr. Lamb,

subsequently filed an EEOC complaint against DSI between May, 2008 and August, 2008 for reasons not reflected in the record.

In response to Mr. Lamb's filing of the EEOC complaint, one of Mr. Williams's female supervisors, Kerri Colvin, allegedly created a list of individuals she believed had performance issues. The list included Mr. Williams, Mr. Lamb, one other male, and two females.  Ultimately, DSI terminated Mr. Lamb, Mr. Williams, and the other males on the list. DSI did not terminate the two females on the list.

DSI terminated Mr. Williams in November, 2008. His supervisors, both female, stated that the reason for his termination was "fraud" and/or "performance issues." Although Mr. Williams did not believe that the reasons for his termination were true or fair, he allegedly did not suspect that gender played a role in his termination, despite Mr. Lamb's termination.

Mr. Lamb filed a gender discrimination lawsuit in July, 2009. The discovery in that case produced the performance issue list referred to above.  Mr. Williams learned of this document in July, 2010, and discovered that his name was on the list.  Through his co-worker's lawsuit, he also discovered that a female supervisor had stated that DSI needed more women in management.

Mr. Williams filed an EEOC charge for gender discrimination on December 16, 2010. After the EEOC provided him with a right to sue letter, he sued DSI in this court. Defendant DSI filed a Motion to Dismiss under Rule 12(b)(6), arguing that Mr. Williams failed to file an EEOC charge within 180 days after the alleged unlawful employment practice, as required by Title VII, and that Mr. Williams failed to exhaust his administrative remedied regarding his retaliation claim. The court denied DSI's Motion to Dismiss Mr. William's Title VII claims. Mr. Williams

filed a Second Amended Complaint (doc. 31) alleging 3 counts: gender discrimination, retaliation, and wanton supervision under Title VII of the Civil Rights Act of 1964. The court now addresses DSI's Motion to Dismiss Count III of the Second Amended Complaint.

### III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).  It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678  (2009).   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the

4

complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations. *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss."*Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## IV.   DISCUSSION

DSI argues that Mr. Williams failed to allege an underlying common law tort claim in his claim for wanton hiring, training, and supervision. The Eleventh Circuit has emphasized that "[a] party alleging wanton defects in training and supervision must prove the underlying wrongful conduct of employees." *Shuler v. Ingram & Associates*, 441 Fed. Appx. 712, 720 (11th Cir. 2011). The plaintiff must allege underlying wrongful conduct that is an Alabama common law tort to support a claim of wanton supervision. *Sayer v. Lincoln Nat. Life Ins. Co.*, No. 7:05-cv-01423, *22-23 (N.D. Ala. Oct. 12, 2006). In *Sayer*, the court made clear that, "[u]nder Alabama law, 'a company cannot be independently guilty of negligent or wanton hiring, training, or supervising in the absence of some tort committed by its employee against the plaintiffs.'" *Id.* (quoting *McKinnes v. Am. Int'l Group, Inc.,* 420 F. Supp. 2d 1254, 1259 (M.D. Ala. 2006)).

5

Similarly, in *Short v. Mando Am. Corp.*, 805 F. Supp. 2d 1246, 1277 (M.D. Ala. 2011), the court specifically stated that for a claim of wanton supervision, "'[the] underlying wrongful conduct must constitute "a common-law, Alabama tort" committed by the employee, not on a federal cause of action such as Title VII.'" *Ellis v. Advanced Tech. Servs.*, No. 3:10–cv–555–WHA, 2010 WL 3526169, at *2, 2010 U.S. Dist. LEXIS 92279, at *6 (M.D.Ala. Sep. 3, 2010) (Albritton, J.) (quoting *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp.2d 1314, 1320 (N.D.Ala.2002)).

The tort underlying a claim of wantonness cannot be based on discrimination because Alabama does not recognize a common-law tort of gender discrimination in employment cases. *Thrasher*, 195 F. Supp. 2d at 1320. In *Thrasher*, the court ruled that the plaintiffs could not maintain an action for negligent supervision, training, and/or retention based on conduct that amounted to discrimination by a defendant employee but which did not support a common law tort action. *Id.* Thus, Mr. Williams' claims of gender discrimination in Count III of the Second Amended Complaint do not qualify as an underlying common law tort sufficient to sustain a claim of wanton supervision.

In his Response, Mr. Williams argues that the common law claim of fraudulent suppression underlies Count III. Alabama law includes within its definition of fraud, "[s]uppression of a material fact that a party is under an obligation to communicate." *Lambert v. Mail Handlers Ben. Plan,* 682 So. 2d 61, 63 (Ala. 1996) (citing Ala. Code 1975, § 6-5-102). The Alabama Supreme Court delineates the elements of a cause of action for fraudulent suppression as: "(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to

6

his or her injury." *Id.* (Citing *Gary v. Kirkland*, 514 So. 2d 970 (Ala. 1987).

Mr. Williams did not allege any facts, which if true, could support a plausible cause of action for fraudulent suppression in his Second Amended Complaint. Mr. Williams does not allege that DSI as his employer owed him a duty to disclose, and he does not allege that DSI's purposeful failure to disclose facts induced him to act in any way or incur any damages. Because no underlying tort claim supports a claim of wanton training, supervision, or retaliation by DSI, Count III must be dismissed.

### V.   CONCLUSION

For the reasons stated above, the court finds that Count III of Mr. Williams's Second Amended Complaint is due to be dismissed. The court will grant DSI's motion to dismiss. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 21st day of August 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE